IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiffs, | § |
| | §  Civil Action No. 3:14-CR-442-D |
| VS. | § |
| | § |
| KENNETH DALE BRUCE, | § |
| | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Kenneth Dale Bruce ("Bruce") moves the court to reconsider acceptance of his guilty plea to count three, essentially presenting the question whether he can constitutionally be subjected to the penalty enhancement that applies under 18 U.S.C. § 924(c)(l)(A)(ii)[1] when a person is convicted of using, carrying, and brandishing a firearm during and in relation to, and possessing and brandishing a firearm in furtherance of, a crime of violence.  Concluding that he can, the court denies the motion.

I

Bruce was charged in a three-count indictment with the following offenses: in count one, with the offense of entering a financial institution with the intent to commit a felony, in violation of 18 U.S.C. § 2113(a); in count two, with the offense of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); and in count three, with the offense of using, carrying, and

---

[1] 18 U.S.C. § 924(c)(l)(A)(ii) specifically applies if the firearm is "brandished."  It provides an enhancement to the penalty found in § 924(c)(l)(A)(i).

brandishing a firearm during and in relation to, and possessing and brandishing a firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. § 924(c)(l)(A)(ii).[2] Count three is based on the offense charged in count two. Bruce pleaded guilty on May 15, 2015 to counts two and three, without a plea agreement. After he entered his plea, the Supreme Court decided *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015), holding that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), is unconstitutional.

   Bruce now moves the court to reconsider its acceptance of his plea of guilty to count three. Relying on *Johnson*, he contends that 18 U.S.C. § 924(c)(3)(B)—which in part defines the term "crime of violence" in 18 U.S.C. § 924(c)(l)(A)—is unconstitutionally void for vagueness. Bruce maintains that he is presenting this motion solely to preserve a constitutional challenge to 18 U.S.C. § 924(c)(3)(B), and to challenge the applicability of the remaining portion of § 924(c) to his conduct. He posits that his conviction on count three should be set aside because the residual clause in § 924(c) is unconstitutionally vague, and because federal bank robbery, as charged in count two, is not a "crime of violence" without the residual clause.

---

[2]The indictment also contains a forfeiture notice.

II

Bruce is not entitled to the relief he seeks, regardless whether § 924(c)(3)(B) is unconstitutionally vague,[3] because he has been convicted of count two for the offense of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), which unquestionably is a "crime of violence" under § 924(c)(3)(A); § 924(c)(3)(A) is not unconstitutionally vague under *Johnson*; and because § 924(c)(3)(A) applies, it is unnecessary to rely on the residual clause of § 924(c)(3)(B) for Bruce to be convicted of count three.

Under 18 U.S.C. § 924(c)(1)(A)(ii),

> any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years.

Section 924(c)(3)(A) defines "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Section 924(c)(3)(B)—the residual clause—defines "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." In this case, Bruce was convicted not only of the offense charged in count three but also of the robbery offense

---

[3] The court need not decide whether it is.

charged in count two. Count three is in fact explicitly based on count two.[4] It is settled in the Fifth Circuit that the offense of bank robbery, as defined in 18 U.S.C. § 2113(a), includes as a necessary element the use of force and violence or intimidation, and meets the definition of "crime of violence" under § 924(c)(3)(A). *See Royal v. Tombone*, 141 F.3d 596, 601 (5th Cir. 1998) (per curiam) (holding that Bureau of Prisons' program statement, as modified by change notice, permissibly interpreted 18 U.S.C. § 924(c)(3) to classify bank robbery under 18 U.S.C. § 2113(a) as a "crime of violence"). Bruce's conviction on count two is therefore sufficient to qualify as a "crime of violence" under § 924(c)(3)(A), without considering whether it would qualify under § 924(c)(3)(B).

Moreover, in pleading guilty to count two, Bruce pleaded guilty to (and admitted the facts of) the conduct necessary to enhance his sentence under 18 U.S.C. § 2113(d), which applies to someone who, "in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any

---

[4]Count three charges, in pertinent part:

> On or about October 24, 2014, in the Dallas Division of the Northern District of Texas, Kenneth Dale Bruce, the defendant, did knowingly use, carry, and brandish a firearm, to wit: a handgun, during and in relation to a crime of violence, namely bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), *as alleged in Count Two of this indictment*, for which he may be prosecuted in a court of the United States, and the defendant did knowingly possess and brandish said firearm in furtherance of the bank robbery.

Indictment at 3 (emphasis added; bold font omitted).

person by the use of a dangerous weapon or device." This provides an even stronger basis for concluding under § 924(c)(3)(A) that Bruce committed a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

Because Bruce pleaded guilty to count two, charging the offense of bank robbery under 18 U.S.C. § 2113(a) and (d), his guilty plea to count three is supported by a conviction that falls within the definition of "crime of violence" found in 18 U.S.C. § 924(c)(3)(A), without any need to resort to the definition of "crime of violence" found in the residual clause of § 924(c)(3)(B). He therefore is not entitled to reconsideration of his guilty plea based on the premise that § 924(c)(3)(B) is unconstitutionally vague.

* * *

Accordingly, for the reasons explained above, Bruce is not entitled to reconsideration of his guilty plea to count three, and his motion to reconsider acceptance of his guilty plea to count three is denied.

**SO ORDERED**.

October 23, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE