IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § Criminal No. 3:14-CR-442-D |
| VS. | § |
| | § |
| KENNETH DALE BRUCE, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Kenneth Dale Bruce ("Bruce") moves for compassionate release and/or a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended pursuant to the First Step Act of 2018. For the following reasons, the court denies the motion.

I

Bruce pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) (count 2), and to using, carrying, and brandishing a firearm during and in relation to and possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 942(c)(1)(A)(ii) (count 3). On November 20, 2015 the court sentenced him to 92 months' imprisonment on count 2 and 84 months' imprisonment on count 3, to run consecutively, for a total of 176 months, followed by 2 years of supervised release on each count, to run concurrently. Bruce appealed his sentence, and the Fifth Circuit affirmed. Bruce also filed a motion to vacate under 28 U.S.C. § 2255, which this court denied. Bruce now moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic.

The government opposes Bruce's motion.[1]

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[2] When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by

---

[1] On June 1, 2023 the court entered an order directing the government to file a response to Bruce's motion and permitting Bruce to file a reply. The government filed its response on June 15, 2023. Bruce filed his reply on July 10, 2023, and the motion is now ripe for a decision.

[2] Bruce contends that he submitted a request for compassionate release to the Warden of his institution on April 19, 2023 and that the Warden failed to respond. The court will assume *arguendo* that Bruce has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

III

Bruce contends that extraordinary and compelling circumstances warrant a sentence reduction because the COVID-19 pandemic has increased the harshness of carceral conditions at USP Beaumont, where he is imprisoned; he is likely to suffer debilitating and severe illness and/or death if he contracts COVID-19 due to his preexisting conditions (including a history of smoking and drug use, hypertension/high blood pressure, obesity, and diabetes); although he has previously contracted COVID-19 and did not experience severe illness or death, his risk of such severe illness and death remains statistically high despite his "natural immunity"; USP Beaumont is at risk of being affected by COVID-19 and its related variants (including new, more infectious subtypes); he remains at a heightened risk of reinfection due to his having exercised his First Amendment right to refuse available vaccines on religious grounds; and he has engaged in significant rehabilitative efforts, including completion of the BOP's prestigious CHALLENGE Program, over the past seven years.

Because the court concludes below that Bruce's motion should be denied after considering the § 3553(a) factors, it will assume *arguendo* that Bruce has shown an extraordinary and compelling reason. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of

- 3 -

others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

IV

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

"When a district court denies a motion for compassionate release, it must give "'specific factual reasons' for its decision."" *United States v. Stanford*, ___ F.4th ___, 2023 WL 5284059, at *2 (5th Cir. Aug. 17, 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)). In this case, Brown is currently serving a 176-month sentence for committing a bank robbery while brandishing a firearm. At the time of sentencing, he fell

into criminal history category VI, the highest category, based on multiple prior adult convictions, including, *inter alia*, for burglary, assault, robbery, unlawful possession of a firearm, and assault causing bodily injury to a family member. He is not eligible for release from prison until May 20, 2027. If the court grants Bruce's motion, it will be ordering him released more than *3 years* before he would otherwise be eligible. Not only would Bruce's release not be in the interest of justice, it would minimize the seriousness of his crimes and would fail to afford adequate deterrence to this type of criminal conduct. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Bruce fails to provide any evidence that he is not a danger to the community. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Bruce's relevant offense conduct, including his use of a firearm and multiple prior criminal convictions, and finds that he would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct

showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Bruce's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A).  *See, e.g., United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

\* \* \*

Accordingly, for the reasons explained, the court denies Bruce's May 31, 2023 motion for compassionate release.

**SO ORDERED**.

September 19, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE